IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIELLE GEBHART and
CHRISTOPHER GEBHART,

        Plaintiffs,

v.                              NO. 05-1206 MV/WPL

RICHARD GILLHAM and
GORDON TRUCKING, INC.,

        Defendants.

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO EXTEND TIME
AND TO AMEND PROVISIONAL DISCOVERY
PLAN AND ORDER SETTING PRETRIAL DEADLINES

        Plaintiffs sued the Defendants, claiming that Defendants were responsible for the injuries they received when a tractor-trailer rig driven by Defendant Richard Gillham forced Plaintiffs' motor vehicle, a 2003 Ford Explorer Sport, off the road and the vehicle rolled over. (Doc. 1 at 1-2.) Plaintiffs elected not to designate any expert witnesses to testify regarding the cause of the crash. (Doc. 26 at 2.) Defendants subsequently identified an expert witness who raised a defense that was not anticipated by Plaintiffs — that another party, Ford Motor Company, is at fault for the roll over of Plaintiffs' motor vehicle.

        Plaintiffs conditionally disclosed their rebuttal expert, Alfred J. Darold, P.E., and furnished his report on July 3, 2006. Because the Initial Pretrial Report does not address the issue of rebuttal testimony, Plaintiffs filed a motion to amend pre-trial deadlines, seeking to extend the time within

1

which they may identify a rebuttal expert and furnish the expert witness's report, and to extend the discovery deadline to allow the Defendants to depose the rebuttal expert. (Doc. 26 at 1.)

The failure of a party to timely disclose an expert may preclude that witness from testifying at trial. FED. R. CIV. P. 26(a)(2), 37(c)(1); *Pena-Crespo v. Puerto Rico*, 408 F.3d 10, 13-14 (1st Cir. 2005). In evaluating whether a party who fails to disclose information required by Rule 26(a) may use such evidence at trial, the court should consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999)).

Defendants do not claim that Plaintiffs or their counsel acted in bad faith or willfully, and further admit that allowing testimony from Plaintiffs' rebuttal expert would not likely disrupt the proceedings at trial. Since it is Defendants who have raised the issue of whether the rollover was due to some design defect of Plaintiffs' vehicle, it is difficult to discern the prejudice or surprise to Defendants from Plaintiffs' rebuttal expert. To the extent there is any surprise or prejudice, that can be cured by extending the discovery deadline to allow Defendants to depose Plaintiffs' expert. Plaintiffs have shown good cause to modify the deadlines concerning disclosure of experts contained in the Initial Pretrial Report.

Therefore, the Order Setting Pretrial Deadlines and Adopting Provisional Discovery Plan (Doc. 11) and the Initial Pretrial Report (Doc. 17) are amended to (a) extend through July 7, 2006 the time within which Plaintiffs may identify a rebuttal expert and furnish the required expert witness report, (b) extend the discovery deadline from July 31, 2006 until September 15, 2006 for the limited

purpose of allowing Defendants to depose the rebuttal expert designated by Plaintiffs, (c) extend the deadline for motions relating to discovery until September 22, 2006, and (d) extend the deadline for pretrial motions (other than discovery motions) until October 2, 2006.

It is so ordered.

_____
WILLIAM P. LYNCH
UNITED STATE MAGISTRATE JUDGE